John E. Barry, Appellant, v. Commonwealth Edison Company, Appellee.

Gen. No. 40,731.

Opinion filed December 13, 1939.

LLOYD T. BAILEY, of Chicago, for appellant; JOSEPH W. BAILEY and J. THEODORE KIGGINS, both of Chicago, of counsel.

ISHAM, LINCOLN & BEALE, of Chicago, for appellee; ROLAND K. SMITH, JR., of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On August 21, 1937, John E. Barry, plaintiff herein, filed a complaint with the Illinois Commerce Commission against the Commonwealth Edison Company, a corporation, defendant herein. Therein he sets out that he is a tavern owner and operator at 6743 South Halsted street, Chicago, that he petitions for an investigation and a hearing against the defendant for depriving him of the use of electricity for light and power for his place of business and dwelling; that on November 24, 1936, from 7:15 p. m. until 9:30 p. m. defendant deprived him of the use of electricity by removing the meter and disconnecting the wires; that on November 25, 1936, he spoke to a special claim agent of the defendant, who accused him of using more electricity than he paid for, and stated that he owed defendant the sum of $1,261; that he denied the accusations; that from November 25, 1936, at 3:45 p. m. until November 27, 1936, at 3:45 p. m., he was deprived of the use of electricity; that the use of the current was restored when he agreed to pay defendant $800 at the rate of $200 cash and $50 per month for a period of 12 months for the unmetered current claimed by defendant; that he signed the agreement and made the payments under protest; that he can prove to the commission that the unmetered current defendant accuses him of using, was never used by him or by anyone on the premises; that he can prove to the commission that defendant accused him wrongfully, unjustly and criminally in saying that he used the current for which he did not pay. He requested the commission for a full hearing, for the return of all money paid by him to defendant under the agreement which he claimed he signed under duress, plus attorney's fees and loss of his business by reason of being deprived of electricity, and that the defendant be required to answer the charges, and that upon a final hearing, the commission shall enter such order in the premises as may seem meet. On February 3, 1938, an order was

entered by the commission, which recited that there was a full hearing in which all the parties had an opportunity to present evidence. The order also recited that after an informal conference before the staff of the commission, defendant agreed to a further adjustment of the bill so as to reduce the amount from $800 to $697. The answer of defendant before the commission admitted the interruption of the service and the refusal to reinstate the same until plaintiff paid or agreed to pay the estimated bill for the unmetered service. Defendant denied that it demanded the sum of $1,261. Defendant admitted that after a conference with the members of the commission staff it reduced the estimated bill to the sum of $697. The order further recited that the evidence on behalf of the defendant was to the effect that, having some reason to suspect that the meter of the plaintiff was not registering all of the energy furnished to his premises, employees of the utility company installed a so-called electric meter on a pole outside of plaintiff's premises, the meter being so connected as to measure all of the electric energy delivered to plaintiff's premises and no other electric energy; that the test meter was checked for accuracy both before and after its installation; that checks were made to determine the accuracy of the meter installed in plaintiff's premises; that both meters were accurate within the limits recognized by the commission, and that such being the case, the readings of the two meters should be substantially the same; that instead, the readings of the electric meter on the pole were very much greater than the readings of the house meter. The commission found that the evidence substantiated the contentions of defendant; "that during the period between September 24, 1936 and November 24, 1936, the aforesaid check meter was in place and connected as hereinabove set forth and that under these circumstances the readings of the said test meter should have been substantially the same

as the readings of the house meter in complainant's premises, but that the readings of the two said meters were not the same, but that the reading of the check meter indicated a much greater amount, to-wit, approximately 448 kilowatt-hours, more electricity passing through the check meter than passed through the house meter during the same period; that the complainant has not given a satisfactory explanation of the matters and things hereinbefore set forth; that the alleged loose connections or other electrical trouble in complainant's electric refrigerator during this period could not have reasonably produced the result indicated in the foregoing findings; that by reason of the foregoing and all of the evidence of record in this proceeding the Commonwealth Edison Company has not acted unreasonably or without probable cause in the premises; and that the complaint in this matter should be dismissed and the parties left to their respective remedies at law. It is therefore ordered that the complaint filed by John E. Barry against the Commonwealth Edison Company in docket case 26,048 be, and it is hereby dismissed.'' On August 2, 1938, plaintiff filed a three count complaint in the superior court of Cook county. The first count urged that defendant did wrongfully and unlawfully cut off his electrical current and thereafter refused to supply further current until he had paid the sum of $697, which sum was not due the defendant but was finally paid by plaintiff under protest. The second count alleged damages to plaintiff's established tavern business as a result of said wrongful and unlawful cutting off of electrical current by the defendant. The third count alleged that defendant through its agents and servants, did, on September 30, 1937, and on divers other days, make and publish certain slanderous statements concerning the plaintiff, to the effect that plaintiff had stolen electricity by using a ''jumper'' on his electric meter; that because of such slanderous statements made by de-

fendant, plaintiff suffered damages. Defendant filed a motion to strike the complaint and urged as a basis therefor that the commission had found adversely to the complainant on his complaint, and that the instant action was barred because of the order entered by the commission. In arguing the motion, the complaint and answer and the order entered by the Illinois Commerce Commission were introduced. The court sustained the motion to strike, dismissed the complaint and entered a judgment for costs against plaintiff, from which judgment he prosecutes this appeal.

Plaintiff first argues that his complaint and each count thereof stated a cause of action. Defendant did not predicate its motion on any failure of the complaint to state a cause of action, and therefore, on the first point the parties are not in disagreement. The second point which plaintiff maintains is that the order of the Illinois Commerce Commission was not *res judicata*. Under this point plaintiff states that the commission is without statutory power to render a judgment for money damages, and is, therefore, without power to enter an order which would deprive him of his action at law for such damages. The Supreme Court of the United States points out in *Baer Bros. Mercantile Co. v. Denver & Rio Grande Ry. Co.*, 233 U. S. 479, that "awarding reparation for the past and fixing rates for the future involves the determination of matters essentially different. One is in its nature private and the other public. One is made by the Commission in its *quasi* judicial capacity to measure past injuries sustained by a private shipper; the other, in its *quasi* legislative capacity to prevent future injury to the public." Defendant concedes that the commission has no jurisdiction to award payment of damages resulting from the wrongful refusal of electric service. It insists, however, that the commission did have jurisdiction to determine whether plaintiff was "reasonably entitled" to service, or whether plaintiff

was entitled to reparation for "excessive or unjustly discriminatory" charges. Section 38 of the Illinois Public Utilities Act (sec. 38, ch. 111⅔, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 112.057]) provides, in part, that

"Every public utility shall, upon reasonable notice, furnish to all persons who may apply therefor and be reasonably entitled thereto, suitable facilities and service, without discrimination and without delay." Section 64 of the same act (sec. 68, ch. 111⅔, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 112.089]) provides, in part, that "Complaint may be made by . . . any person . . . by petition or complaint in writing, setting forth any act or things done or omitted to be done in violation, or claimed to be in violation, of any provision of this act . . . ." Section 60 of the act (sec. 64, ch. 111⅔, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 112.085]) provides, in part, that "The Commission . . . shall have power to hold investigations, inquiries and hearings concerning any matters covered by the provisions of this Act, or by any other Acts, relating to public utilities subject to such rules and regulations as the Commission may establish." Section 72 of the act (sec. 76, ch. 111⅔, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 112.098]) provides, in part, that "When complaint has been made to the Commission concerning any rate or other charge of any public utility and the Commission has found, after a hearing, that the public utility has charged an excessive or unjustly discriminatory amount for its product, commodity or service, the Commission may order that the public utility make due reparation to the complainant therefor, with interest at the legal rate from the date of payment of such excessive or unjustly discriminatory amount." Section 68 of the act (sec. 72, ch. 111⅔, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 112.093]) provides that any party to the proceeding before the commission may appeal to the circuit or superior court,

where the proceedings before the commission may be reviewed. That section concludes as follows:

"When no appeal is taken from a rule, regulation, order or decision of the Commission, as herein provided, parties affected by such rule, regulation, order or decision, shall be deemed to have waived the right to have the merits of said controversy reviewed by a court and there shall be no trial of the merits of any controversy in which such rule, regulation, order or decision was made, by any court to which application may be made for a writ to enforce the same, or in any other judicial proceeding." Section 72 of the act, insofar as it allows the commission to award reparation, merely provides a basis for a suit in the courts. If plaintiff had prevailed before the commission, and the company failed to pay the reparation award, then judgment could be enforced in the courts. In passing on the matters submitted to it by plaintiff, the commission determined that the defendant had violated no duty to plaintiff. As the gravamen of the instant complaint is the violation (which the commission found has not occurred), we agree with the trial court that plaintiff is precluded by the commission's decision. The essential fact which plaintiff seeks to establish as a basis for a money judgment, has finally and conclusively been determined to the contrary in the proceeding before the commission. Plaintiff failed to avail himself of his right to an appeal from the order of the commission. Thereby, he is deemed to have waived his right to have the merits of the controversy reviewed by a court. He did not seek a review in the circuit or superior courts, and yet he is now attempting to accomplish the same result indirectly by filing an independent action. In effect, plaintiff is endeavoring to relitigate the matter which was determined before the commission. Having unsuccessfully sought relief before the commission, if he was still dissatisfied, the next step, in the course of orderly procedure would be

an appeal to the circuit court. The commission having decided the matters in controversy, concluded its order by dismissing the complaint and remarking that the parties were left to their respective remedies, if any, at law. The commission did not indicate that either of the parties had any other remedy at law, except by appeal from that order. We are of the opinion that the language did not preserve to the plaintiff herein the right to institute an independent action, the effect of which would be to set aside the order which the commission had entered.

For the reasons stated, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

Denis E. Sullivan, P. J. and Hebel, J. concur.